Citation Nr: 1508808 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 09-43 963 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Des Moines, Iowa



THE ISSUES

1. Entitlement to an initial evaluation in excess of 30 percent for posttraumatic stress disorder with depressive symptoms (PTSD).

2. Entitlement to an evaluation in excess of 20 percent for neuropathy of the right foot associated with residuals of cold injury, right foot.

3. Entitlement to an evaluation in excess of 10 percent for neuropathy of the left foot associated with residuals of cold injury, left foot.

4. Entitlement to an evaluation in excess of 10 percent for bilateral sensorineural hearing loss.

5. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).



REPRESENTATION

Appellant represented by: Vietnam Veterans of America


ATTORNEY FOR THE BOARD

M. Postek, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1949 to June 1952.
 
This case comes before the Board of Veterans' Appeals (Board) on appeal from June 2008 and December 2012 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Des Moines, Iowa.

In the June 2008 rating decision, the RO granted service connection for a number of claims, effective from the date of the Veteran's original claim. The Veteran perfected an appeal as to the initial evaluation assigned for PTSD in that decision. In January 2010, the Veteran testified at a hearing before a Decision Review Officer (DRO) at the RO. A transcript of the hearing is of record. In a March 2013 written submission, the Veteran withdrew his request for a Board hearing for the PTSD appeal.

In the December 2012 rating decision, the RO found clear and unmistakable error in the June 2008 rating decision and granted separate 10 percent evaluations for the right and left foot neuropathy, effective from the date of the original claim. The right foot evaluation was also increased to 20 percent, effective from April 9, 2012, the date of the Veteran's TDIU claim. In addition, the RO denied entitlement to a TDIU in that decision, among other things. 

In May 2013, the Board denied the Veteran's claim for an increased evaluation for PTSD. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In an October 2014 memorandum decision, the Court issued an opinion vacating the Board's decision and remanded the case to the Board.

While the matter of an increased evaluation for PTSD was pending before the Court, the Veteran initiated an appeal from the December 2012 rating decision. In the February 2014 statement of the case (SOC), the RO readjudicated the TDIU claim and also considered claims for higher evaluations for the right and left foot neuropathy and bilateral hearing loss, indicating that the Veteran's TDIU claim was based on these disabilities. See April 2012 VA Form 21-8940. In so doing, the RO determined that these higher evaluation claims were in appellate status along with the TDIU claim. Parenthetically, the Board notes for purposes of clarity that the Veteran also filed a March 2013 increased evaluation claim for his bilateral hearing loss, which the RO denied in a February 2014 rating decision. The Veteran did not express disagreement with any aspect of that decision. In the March 2014 substantive appeal, the Veteran checked the box indicating that he was appealing all issues in the SOC.

The Virtual VA and Veterans Benefits Management System (VBMS) electronic claims files do not contain additional documents pertinent to the matter addressed in this decision, with the exception of the Court documents and the February 2015 response to the Board's 90-day letter from the Veteran's representative in VBMS.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the agency of original jurisdiction (AOJ). VA will notify the appellant if further action is required.




REMAND

In his March 2014 substantive appeal, the Veteran requested a videoconference hearing before the Board as to the issues listed in the February 2014 SOC. To date, he has not been afforded such a hearing.

The Board acknowledges that the Veteran withdrew his request for a hearing before the Board as to the appeal for an increased evaluation for PTSD. See March 2013 written submission. Nevertheless, the Veteran has now claimed entitlement to a TDIU in part due to his service-connected PTSD; he also discussed the current severity of this disability in the substantive appeal for the TDIU claim. See March 2014 substantive appeal. Accordingly, to afford the Veteran all due consideration, the Board finds that he should be afforded another opportunity to present testimony on the PTSD issue prior to the Board's readjudication of this claim.

Therefore, the Veteran should be scheduled for a hearing before the Board from the RO in Des Moines, Iowa. 38 C.F.R. § 20.704 (2014).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

The AOJ should take appropriate steps in order to schedule the Veteran for a videoconference hearing with a Veterans Law Judge of the Board at the RO in accordance with his request. The Veteran should be notified in writing of the date, time, and location of the hearing. After the hearing is conducted, or if the Veteran withdraws the hearing request or fails to report for the scheduled hearing, the claims file should be returned to the Board in accordance with appellate procedures.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).